795 F.2d 1169
 122 L.R.R.M. (BNA) 3263, 104 Lab.Cas. P 11,899
 NORFOLK AND WESTERN RAILWAY COMPANY; Southern Railway
Company; The Cincinnati, New Orleans and Texas Pacific
Railway Company; The Alabama Great Southern Railroad
Company; The New Orleans Terminal Company; Georgia
Southern and Florida Railway Company; Central of Georgia
Railroad Company; Georgia Northern Railway Company; Live
Oak, Perry and South Georgia Railway Company; Tennessee
Railway Company; Tennessee, Alabama & Georgia Railway
Company; Atlantic and East Carolina Railway Company;
Carolina and Northwestern Railway Company; Interstate
Railroad Company, Appellees,
v.
BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYEES, O.M. Berge,
President; J.W. Pugh, General Chairman; T.R. McCoy, Vice
General Chairman; G.L. Hockaday, General Chairman; William
McWreath, General Chairman; J.L. D'Anniballe, General
Chairman; Sol Hammons, General Chairman; D.E. Deloach,
General Chairman; M.A. Christie, International Vice
President; B.L. Hall, International Vice President; W.E.
Larue, International Vice President, Appellants.
 No. 86-3555.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 2, 1986.
Decided July 11, 1986.
 
 John O'Brien Clarke, Jr., Roanoke, Va. (Thomas P. Murphy, Highsaw & Mahoney, P.C., Washington, D.C., Gary E. Tegenkamp, Fox, Wooten & Hart, Louis P. Malone, III, Roanoke, Va., General Counsel, Broth. of Maintenance of Way Employees, on brief), for appellants.
 William B. Poff (W. Fain Rutherford, D. Stan Barnhill, Frank K. Friedman, Woods, Rogers & Hazlegrove, Richard A. Keeney, General Counsel, Law Dept., Norfolk Southern Corp., Roanoke, Va., on brief), for appellees.
 Before WIDENER, HALL, and PHILLIPS, Circuit Judges.
 K.K. HALL, Circuit Judge:
 
 
 1
 The Brotherhood of Maintenance of Way Employees, as well as certain of its officers and members (the "BMWE" or the "union"), appeal from an order of the district court preliminarily enjoining the union from picketing facilities of the Norfolk & Western Railway Company. We reverse.
 
 
 2
 In April, 1980, the Norfolk and Western Railway Company and other affiliated railroads ("N & W") filed suit against the BMWE under the Interstate Commerce Act and the Railway Labor Act, seeking to enjoin the union's picketing of the railroad's facilities near Bellevue, Ohio.[1] The picketing occurred during the pendency of a labor dispute which the union had with the Maine Central Railroad Company ("MEC") and its subsidiary, the Portland Terminal Company ("PT"), as well as with other rail carriers in the Guilford Rail System.
 
 
 3
 The district court granted N & W's motion for a preliminary injunction, concluding that there was no substantial alignment between N & W and the MEC/PT or the Guilford Rail System and no labor dispute within the meaning of the Norris-LaGuardia Act, 29 U.S.C. Secs. 104 and 113, which would justify the union's secondary picketing of N & W's facilities. This appeal followed.[2]
 
 
 4
 On appeal, the BMWE contends that the district court lacked jurisdiction to enjoin its picketing of N & W's facilities under the Norris-LaGuardia Act. In a related case decided today, Richmond, Fredericksburg, and Potomac Railroad Co. v. Brotherhood of Maintenance of Way Employees, 795 F.2d 1161 (4th Cir.1986),[3] we fully considered the questions presented in this appeal and resolved them in favor of the union. Accordingly, for the reasons stated in Parts II and III of that opinion, we reject the position advocated by N & W,[4] reverse the district court's order, and remand the case with instructions to dismiss the complaint for lack of jurisdiction.
 
 
 5
 REVERSED AND REMANDED WITH INSTRUCTIONS.
 
 WIDENER, Circuit Judge, dissenting:
 
 6
 I respectfully dissent for the reasons stated in my dissent filed today in the related case, Richmond, Fredericksburg, and Potomac Railroad Co. v. Brotherhood of Maintenance of Way Employees, 795 F.2d 1161, No. 86-3544 (4th Cir.1986).
 
 
 7
 I would affirm the district court's grant of a preliminary injunction following its conclusion that there was no substantial alignment between N & W and the Maine Central.
 
 
 
 [1]
 This suit was brought in the Western District of Virginia, the judicial district in which N & W maintains its corporate headquarters
 
 
 [2]
 In conjunction with its appeal, the union moved this Court for summary reversal or, in the alternative, for a stay of the district court's order. Following briefing and oral argument, we granted the request for a stay pending full consideration of the appeal
 
 
 [3]
 The Richmond, Fredericksburg case involved the BMWE's secondary picketing of another railroad in the context of the union's same dispute with the MEC/PT
 
 
 [4]
 N & W relies on the same arguments in the instant appeal as did the railroad in Richmond, Fredericksburg. In addition, N & W asserts that under the Railway Labor Act ("RLA") the BMWE has a duty to bargain with the railroad over whether the union may engage in secondary picketing. We reject that contention as meritless. The RLA does not ban the union's resort to peaceful secondary picketing and we are unwilling "to ignore the clear strictures of the Norris-LaGuardia Act in favor of a vague duty to negotiate not clearly expressed in the RLA." Consolidated Rail Corporation v. Brotherhood of Maintenance of Way Employees, 792 F.2d 303, 305 (2d Cir.1986). Accord, Central Vermont Railway, Inc. v. BMWE, No. 86-5245, slip op. at 7-11 (D.C. Cir. June 27, 1986)